IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**v.**  )<br>)<br>**JOHNNY ANTHONY HALE,** )<br>)<br>  **Defendant.** ) | CRIMINAL NO. 12-0097-WS |

**ORDER**

This matter comes before the Court on defendant Johnny Anthony Hale's *pro se* request for expungement of his 2012 felony conviction in this District Court.  (Doc. 53.)

The court file reflects that Hale pleaded guilty to one count of theft of public money, in violation of 18 U.S.C. § 641, on June 26, 20212, after which he was sentenced to a five-year probation term and ordered to pay restitution.  In a one-page letter, Hale now requests that his conviction be expunged because he has never otherwise been in serious legal trouble and "having that FELONY on my record still stings when I apply for a job or a[n] apartment."  (Doc. 53, PageID.186.)  The law is clear, however, that federal district courts lack jurisdiction to expunge criminal records for purely equitable reasons such as those articulated in Hale's filing.[1]  For that reason, Hale's request for expungement of his 2012 conviction in this District Court must be, and is, **denied** for lack of jurisdiction.

DONE and ORDERED this 10th day of May, 2021.

                                s/ WILLIAM H. STEELE
                                UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., United States v. Scantlebury*, 921 F.3d 241, 250 (D.C. Cir. 2019) ("The remedy of expungement is available only if necessary to vindicate rights secured by the Constitution or by statute.") (citation and internal quotation marks omitted); *United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017) (district court cannot assert jurisdiction "over a petition to expunge the judicial record in a criminal case on purely equitable grounds"); *United States v. Rowlands*, 451 F.3d 173, 177 (3rd Cir. 2006) ("we have jurisdiction over petitions for expungement in narrow circumstances: where the validity of the underlying criminal proceeding is challenged").